IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-01751-WDM-BNB

QASSIM ALSAMIR and
JALAL ALENEZY,

    Plaintiffs,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
MARIO ORTIZ, District Director, United States Department of Homeland Security, Denver, Colorado; and
FEDERAL BUREAU OF INVESTIGATION,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

Plaintiffs Qassim Alsamir and Jalal Alenezy seek to compel defendants United States Citizenship and Immigration Services (USCIS), Mario Ortiz, and the Federal Bureau of Investigation (FBI) to complete the security clearances required for resolution of their pending applications for naturalization. Defendants filed a motion to dismiss for lack of jurisdiction; alternatively, they request remand of this matter to the USCIS. The motion is fully briefed, and I have determined that oral argument is not necessary. For the reasons that follow, the motion will be granted.

### Background

Plaintiff Alsamir, a lawful permanent resident of the United States since September 19, 1997, filed an application for naturalization (N-400) on February 7, 2003. In connection with his application, the USCIS interviewed him on September 24, 2003. His

application for naturalization is still pending because, although the FBI has completed the mandatory "name check," the information received has prompted USCIS to do further investigation before acting on his application for naturalization.

Plaintiff Alenezy became a lawful permanent resident of the United States on August 17, 1997. He filed an application for naturalization on November 23, 2003, and was interviewed by the USCIS on April 22, 2004. Alenezy's application for naturalization is still pending because the FBI has not yet completed his name check. USCIS requested expedited handling by the FBI of Alenezy's background check on September 12, 2006.[1]

Plaintiffs claim that Defendants have unreasonably delayed the adjudications of their petitions for naturalization. Alleging jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1361 and 5 U.S.C. §§ 704 and 706, Plaintiffs ask that I compel Defendants to complete the required background checks and to adjudicate the applications for naturalization.

Defendants move for dismissal of the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, they ask that I remand this matter to the USCIS for further proceedings or administratively close the case pending further action by Defendants.

## Discussion

My resolution of the motion to dismiss is governed by the nature of the complaint filed by Plaintiffs. Plaintiffs, who are represented by counsel, seek mandamus relief pursuant to 28 U.S.C. § 1361 or for judicial review of a final agency action pursuant to the

---

[1] The USCIS submitted an expedited name check request to the FBI for Alsamir on the same date but, unlike in Alsamir's case, results for Alenezy have not been received.

Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706.  As discussed below, neither of these procedural mechanisms is available in the circumstances of this case.

I note that Plaintiffs could have filed this case pursuant to 8 U.S.C. § 1447(b) to request that I hold a hearing on the naturalization applications.[2]  Although this statute seems to be at the heart of some of their factual allegations, nowhere in their complaint do they request relief, expressly or impliedly, under that section.  While Defendants address section 1447(b) and its potential relief in the motion to dismiss, and the Plaintiffs discuss it in their response, Plaintiffs have not sought to amend their complaint to seek relief under section 1447(b).  Because they are represented by counsel, they are not entitled to the liberal construction of pleadings afforded *pro se* litigants, and I decline to interpret the complaint as filed under section 1447(b).

I therefore address this Court's jurisdiction and the availability of relief under § 1361 and the APA.

1.  <u>Mandamus Relief</u>

28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

---

[2]  Section 1447(b) provides:

If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Defendants contend that this statute does not waive their sovereign immunity and, thus, the complaint should be dismissed. They rely on a decision by the Ninth Circuit in *Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999), in which that court held that the mandamus statute (section 1361) does not waive sovereign immunity. The Tenth Circuit has held to the contrary, however. "[T]he 'application fo the mandamus remedy to require a public official to perform a duty imposed upon him in his official capacity is not limited by sovereign immunity.'" *Trackwell v. United States Government*, 472 F.3d 1242, 1244-45 (10th Cir. 2007) (quoting *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005)).

Defendants also argue that Plaintiffs are not entitled to mandamus relief based on the circumstances of this case. I agree. "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). In general, a party seeking a writ of mandamus must show, *inter alia*, that he has no other adequate means to attain the relief sought and that his right to a particular result is "clear and indisputable." *Id.* at 35, 36.

In this case, Plaintiffs have not shown that there is no other adequate means to attain relief other than to compel Defendants to act via a writ of mandamus. Indeed, as discussed above, Plaintiffs could have pursued relief under 8 U.S.C. § 1447(b). I conclude they are not entitled to mandamus relief pursuant to 28 U.S.C. § 1361.

2.   Administrative Procedure Act

The provisions for judicial review of agency action are found in the APA, specifically in sections 701-706 of Title 5 of the United States Code. Although Defendants do not

raise specific arguments concerning Plaintiffs' reliance on the APA as a jurisdictional basis for their complaint, they do argue that review under the APA is not available where a statute precludes judicial review. 5 U.S.C. § 701(a)(1). I do not reach the issue of whether 8 U.S.C. § 1252(a)(2)(B) is such a statute precluding review because I determine that the availability of relief under section 1447(b) again prohibits Plaintiffs' present course of action. Among the prerequisites for judicial review under the APA is that "there is no other adequate remedy in a court." *Heckler v. Chaney*, 470 U.S. 821, 828 (1985) (quoting 5 U.S.C. § 704).[3]

Because Plaintiffs are not eligible for relief under either section 1361 or the APA, I agree with Defendants that the complaint should be dismissed.

Accordingly, it is ordered:

1. Defendants' motion to dismiss or to remand filed January 22, 2007 (Docket No. 13), is granted in part, and this case is dismissed without prejudice.

2. The motions to remand or to hold the case in abeyance are denied.

3. Each party shall bear his own costs.

DATED at Denver, Colorado, on May 14, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

[3] Section 704 also requires that the agency action to be reviewed be final. Such is not the case here.